# Commonwealth *ex rel.* Banning *versus* The Philadelphia, Germantown, and Norristown Railway Company.

A stranger, who has no other interest in a corporation except that which is common to every citizen, is not entitled to a judgment of ouster in a writ of *quo warranto.*

THIS was a writ of *quo warranto*, on the ground that the railroad company had forfeited its charter by a failure to lay a double track, within the time thereby required.

The same application had previously been made in the Court of Common Pleas, and the opinion of the Court thereon, will be found reported in the Legal Intelligencer of December 24th, 1852.

The opinion of the Court was delivered by

LEWIS, J.—It has been decided in The Commonwealth *ex rel.* Murphy *v.* The Farmers' Bank of Schuylkill County, (see antea 415) that a stranger who has no interest in a corporation except that which is common to every citizen, cannot demand a judgment of ouster in a writ of *quo warranto*. The words "any person desiring to prosecute the same," are in that opinion construed to mean any person having an interest to be affected, or suffering a wrong to be redressed. I did not concur in the decision, because I entertained the opinion, that the words in our statute should receive the

construction given to similar words in the statute of 9th Anne, cap. 20. But now that the decision has been pronounced by the majority, I shall cordially acquiesce in it on this point, as one which is sustained by the soundest principles of public policy. No mere stranger should be permitted to demand the forfeiture of a charter granted by the Commonwealth, where the State herself does not demand it. She has a right to waive the forfeiture, and it is her interest in many cases to do so. In the present case it is obviously against the public interest to deprive the people of the benefit of the single track of railroad, merely because the Company have been unable to construct a double track within the time prescribed by the charter.

　　　　　It is ordered, that the writ of *quo warranto* be quashed, at the costs of the relator.